No. 19-1086

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff,

v.

MARIANO MUÑIZ-LÓPEZ,
Defendant-Appellant.

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 10-CR-244-GAG-45
Hon. Gustavo A. Gelpí, Chief, U.S. District Judge

**APPELLANT'S REPLY BRIEF**

FEDERAL PUBLIC DEFENDER
DISTRICT OF PUERTO RICO
241 F.D. Roosevelt Avenue
San Juan, Puerto Rico 00918
Tel: (787) 281-4922
Fax: (787) 281-4899
Email: Franco_Perez@fd.org

ERIC A. VOS
Federal Public Defender

FRANCO L. PÉREZ-REDONDO
Assistant Federal Public Defender
Supervisor, Appeals Division

Attorneys for Defendant-Appellant
MARIANO MUÑIZ-LÓPEZ

# TABLE OF CONTENTS

Table of Authorities.................................................................................iii

Statement of the Case ...........................................................................2

Arguments and Authority .....................................................................4

    I.      Contrary to what the government avers, the light-
            most-favorable standard does not apply here ........................4

    II.     The district court violated the Jones Act, 48 U.S.C.
            § 864, when it relied on untranslated, Spanish-
            language materials to impose a special condition of
            supervised release. ..............................................................5

            A.   The scope of remand should be limited............................5

Conclusion ............................................................................................7

Certificate of Compliance .....................................................................8

Certificate of Service ...........................................................................9

# TABLE OF AUTHORITIES

**FEDERAL CASES:**

*United States v. Colón-Maldonado,*
    953 F.3d 1 (1st Cir. 2020)........................................................................2-3

*United States v. Cortés-Medina,*
    819 F.3d 566 (1st Cir. 2016).....................................................................3

*United States v. Fernández-Jorge,*
    894 F.3d 36 (1st Cir. 2018)......................................................................4-5

*United States v. Powers,*
    702 F.3d 1 (1st Cir. 2012).........................................................................5

*United States v. Prigmore,*
    243 F.3d 1 (1st Cir. 2001).........................................................................5

*United States v. Román-Huertas,*
    848 F.3d 72 (1st Cir. 2017).......................................................................6

*United States v. Rondeau,*
    430 F.3d 44 (1st Cir. 2005).......................................................................5

*United States v. Wright,*
    812 F.3d 27 (1st Cir. 2016).......................................................................4

*United States v. Zannino,*
    895 F.2d 1 (1st Cir. 1990).........................................................................6

**STATUTES:**

48 U.S.C. § 864 ...........................................................................................5

**OTHER SOURCES:**

Sandra Schwab, *Accent mark and visual word recognition*
*in Spanish,* Loquens, 2015...................................................................3 n.3

No. 19-1086

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff,

v.

MARIANO MUÑIZ-LÓPEZ,
Defendant-Appellant.

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 10-CR-244-GAG-45
Hon. Gustavo A. Gelpí, Chief, U.S. District Judge

—————————

**APPELLANT'S REPLY BRIEF**

—————————

TO THE HONORABLE COURT:

Appellant Mariano Muñiz-López ("Mr. Muñiz"), represented by the

Federal Public Defender for the District of Puerto Rico through

undersigned counsel, respectfully states and requests as follows:

**STATEMENT OF THE CASE**

At the outset, Mr. Muñiz wishes to address a statement contained in the answering brief that, although not directly material to the resolution of the issues before this Court, may confuse the Court or cast Mr. Muñiz in an undeservingly unflattering light if left unaddressed.

In a footnote, the government writes: "Mr. Muñiz had several local arrests prior to th[e federal conviction giving rise to the imposition of a term of supervised release]." Gov't Br. at 4 n.4.[1] The government then spotlights a 2008 case where Mr. Muñiz was charged with violating Articles 3.1 and 3.2 of Puerto Rico's Domestic Violence Prevention and Intervention Law and possession of a bladed weapon. *Id.* In that case, the government is quick to point out, the charges were dismissed on speedy-trial grounds. *Id.*

It is unclear why the government would go on an archaeological dig for this unrelated, twelve-year-old case. To the extent the government seeks to cast Mr. Muñiz as a "volatile" individual, Gov't Br. at 44, reliance on these historic dismissed allegations is misplaced. *See United States v.*

---

[1] Citations are as follows: Government's Answering Brief ("Gov't Br."); Appellant's Opening Brief ("AB"); Docket entries in Case No. 10-CR-244-GAG-45 ("DE-[ ]").

*Colón-Maldonado*, 953 F.3d 1, 9 n.8 (1st Cir. 2020) ("[A] bare arrest or charge does not prove the defendant committed the crime."). Nor does a speedy-trial disposition rather than say, acquittal, insinuate any wrongdoing on Mr. Muñiz's part.[2] *United States v. Cortés-Medina*, 819 F.3d 566, 576-77 (1st Cir. 2016) ("[A] court . . . cannot simply presume that past charges resolved without conviction . . . are attributable to flawed or lax prosecutorial or judicial systems rather than the defendant's innocence.") (Lipez, J., dissenting).

---

[2] The answering brief contains a recurring error wherein the appellant's name is misspelled "Muñíz." *See, e.g.*, Gov't Br. at 2. Generally, Spanish-language words ending in a vowel or in "n" or "s," which are stressed on the last syllable, (i.e., "oxytone words"), must bear an accent mark on that syllable. *See* Sandra Schwab, *Accent mark and visual word recognition in Spanish*, Loquens, 2015, available at: https://archive-ouverte.unige.ch/unige:87625. The surname "Muñiz" does not fit that criteria.

## ARGUMENTS AND AUTHORITY

Mr. Muñiz respectfully submits this reply brief to respond to select arguments in the answering brief. Mr. Muñiz does not intend to concede any point not specifically addressed below. Rather, he respectfully rests on the arguments set forth in his opening brief to refute all other contentions raised in the government's answering brief.

I.  **Contrary to what the government avers, the light-most-favorable standard does not apply here.**

Mr. Muñiz primarily submits this reply brief to underscore an overarching flaw in the government's analysis. The government maintains that, in reviewing Mr. Muñiz's claimed errors on appeal, this Court "consider[s] the evidence in the light most favorable to the government." Gov't Br. at 4 n.3 (brackets in original) (quoting *United States v. Wright*, 812 F.3d 27, 29 (1st Cir. 2016)). The government is doubly mistaken. Not only does the light-most-favorable standard not apply here, but the government's reliance on the incorrect standard warps and ultimately dooms its analysis.

The light-most-favorable standard applies where the appellant challenges the sufficiency of evidence to support a criminal conviction or a finding of a violation of supervised release conditions. *See, e.g., United*

*States v. Fernández-Jorge*, 894 F.3d 36, 41 (1st Cir. 2018) (jury trial);

*United States v. Rondeau*, 430 F.3d 44, 49 (1st Cir. 2005) (revocation). As

far as we know, the standard for sufficiency of the evidence does not apply

outside that context.

In this case, Mr. Muñiz has not raised a sufficiency claim. "Because

there is no challenge to the sufficiency of the evidence," this Court "does

not recite [the evidence] in the light most favorable to the verdict." *United

States v. Powers*, 702 F.3d 1, 4 (1st Cir. 2012); *see also United States v.

Prigmore*, 243 F.3d 1, 4 (1st Cir. 2001) (explaining that, in evaluating

claimed errors on appeal, this Court "look[s] at the evidence as a whole

and not in the light most favorable to the government."). As a result,

insofar as the government's arguments are contingent on the application

of the light-most-favorable standard, they fail.

> **II.** **The district court violated the Jones Act, 48 U.S.C. § 864, when it relied on untranslated, Spanish-language materials to impose a special condition of supervised release.**

**A. The scope of remand should be limited.**

In a footnote, the government asserts that, assuming the case is

remanded due to the untranslated document, the district court should

still be allowed to consider the transcripts of the preliminary revocation

hearing as well as Mr. Muñiz's statement at the final revocation hearing to determine whether the no-contact condition is appropriate. Gov't Br. at 44 n.9.

Because the government presents this assertion only in its most skeletal form, bereft of any supporting authority or argument as to why it should be allowed to present evidence on remand, the Court should deem the one-sentence request waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that legal arguments presented in a perfunctory manner and unaccompanied by developed argumentation are deemed waived). The government's failure to develop this contention underscores its refusal to come to grips with controlling caselaw – cited in Mr. Muñiz's opening brief, *see* AB at 37 – which holds that, having once squandered an opportunity to seek the relief it seeks, the government cannot expect a second bite at the apple on remand. *See United States v. Román-Huertas*, 848 F.3d 72, 78 (1st Cir. 2017). Accordingly, the district court on remand should be precluded from either expanding the record or considering a certified translation of the stay-away application.

## CONCLUSION

For the reasons set forth in the opening brief as well as those above, this Court should vacate the special condition of supervised release that bars Mr. Muñiz from having contact with his daughter. On remand, moreover, the district court should be precluded from considering additional evidence in support of the no-contact condition.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of July 2020.

**ERIC ALEXANDER VOS**
Federal Public Defender
District of Puerto Rico

/s/ *Franco L. Pérez-Redondo*
Franco L. Pérez-Redondo
Assistant Federal Public Defender
Supervisor, Appeals Division
1st Cir. Bar No. 1175955
241 Franklin D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441
Telephone: (787) 281-4922
Fax: (787) 281-4899
Email: Franco_Perez@fd.org

# United States Court of Appeals

FOR THE FIRST CIRCUIT

**CERTIFICATE OF COMPLIANCE WITH
TYPEFACE AND LENGTH LIMITATIONS**

No. 19-1086

**UNITED STATES OF AMERICA
Plaintiff-Appellee**

**v.**

**MARIANO-MUÑIZ-LÓPEZ
Defendant-Appellant**

TO BE INCLUDED IMMEDIATELY BEFORE THE
CERTIFICATE OF SERVICE FOR ALL BRIEFS FIELD IN THIS COURT

This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

x      14 point, proportionally spaced, serif typeface (such as CG Times or Times New Roman). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):
         **Microsoft Word, Century Schoolbook, 14 point**

☐      10 character per inch, monospaced typeface (such as Courier or Courier New). Specify software name and version, typeface name, and characters per inch below (for example, WordPerfect 8, Courier, 10)

EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; addendum; and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

☐          Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

x      **803**      Words (give specific number for words; may not exceed 13,000 words for opening or answering brief or 7,000 for reply brief); OR

☐          Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions. If the Court so directs, I will provide a copy of the word or line print-out.

                *S/Franco L. Pérez-Redondo*
                 Signature of Filing Party

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this date I electronically filed this **Appellant's Reply Brief** with the Clerk of Court using the CM/ECF system which will send notification to all parties of record, including counsel for the appellee:

> Mariana E. Bauzá-Almonte
> Assistant United States Attorney
>
> Thomas F. Klumper
> Assistant United States Attorney
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Ave.
> San Juan, PR 00918

In San Juan, Puerto Rico, this 13th day of July, 2020.

> **ERIC ALEXANDER VOS**
> Federal Public Defender
> District of Puerto Rico
>
> /s/ *Franco L. Pérez-Redondo*
> Franco L. Pérez-Redondo
> Assistant Federal Public Defender
> Supervisor, Appeals Division
> 1st Cir. Bar No. 1175955
> 241 Franklin D. Roosevelt Avenue
> San Juan, Puerto Rico 00918-2441
> Telephone: (787) 281-4922
> Fax: (787) 281-4899
> Email: Franco_Perez@fd.org